IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAMELA BUTLER,** : | |
| Plaintiff, : | |
| v. : | **CIVIL ACTION NO. 14-5689** |
| : | |
| **CAROLYN COLVIN,** Acting Commissioner : | |
| of the Social Security Administration, : | |
| Defendant. : | |

## ORDER

**AND NOW**, this 11th day of October 2016, upon careful and independent consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review [Doc. No. 9], Defendant's Response [Doc. No. 10], Plaintiff's Reply [Doc. No. 11], and the administrative record, and upon review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey [Doc. No. 14], to which there were no objections, the Court finds that the administrative record contains substantial evidence to support the ALJ's findings of fact and conclusions of law.

Accordingly, it is hereby **ORDERED** that the Clerk shall remove the case from civil suspense. It is **FURTHER ORDERED** that the Report and Recommendation [Doc. No. 14] is **APPROVED** and **ADOPTED** for the reasons set forth therein,[1] and the relief requested in

---

[1] The ALJ found that Plaintiff was not disabled under the Social Security Act, denying Plaintiff's 2010 claims for SSI and DIB. In her appeal, Plaintiff argued that the ALJ erred by (1) not allowing her to object to evidence presented at the hearing; (2) failing to properly consider opinions of her doctors; (3) failing to provide justification for rejecting Plaintiff's testimony; (4) not providing sufficient support for the residual functional capacity ("RFC") determination; and (5) failing to resolve conflicts between the testimony of the vocational expert and the Dictionary of Occupational Titles ("DOT").

Upon a thorough review of the record, Magistrate Judge Hey found that the ALJ's conclusion was supported by substantial evidence. First, the ALJ gave Plaintiff an opportunity to object at the hearing but she failed to do so. Second, the ALJ gave proper consideration to the testimony of Plaintiff and her doctors, noting that they were inconsistent with other evidence in the record. Third, the ALJ provided substantial support for his RFC determination that Plaintiff could perform a limited range of light work, including testimony from a vocational

Plaintiff's request for review is **DENIED.**

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**

---

expert. Finally, the ALJ adequately explained potential inconsistencies with the DOT and his reasons for relying on the testimony of the vocational expert.